# E. B. STEPHENSON v. STATE.

No. A-2040.    Opinion Filed May 13, 1916.

(157 Pac. 270.)

LARCENY—Elements of Offense. The facts disclosed by the record in the case at bar failed to show a violation of the statute.

Appeal from District Court, Garvin County;
Hon. R. McMillan, Judge.

E. B. Stephenson was convicted of larceny and appeals. Reversed.

*Carr & Field,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for defendant in error.

ARMSTRONG, J.   The plaintiff in error, E. B. Stephenson, was convicted at the January, 1913, term of the District Court of Garvin county on the charge of larceny and his punishment fixed at a period of one year and one day in the penitentiary.

The charging part of the information on which the conviction is based is as follows:

"On or about the 15th day of October, 1911, in Garvin County, State of Oklahoma, E. B. Stephenson, late of said county and within the jurisdiction of this Court, did then and there unlawfully, wilfully, maliciously and by fraud and stealth, take, steal and carry away from the possession of W. U. Goodwin of Stratford, Oklahoma, certain personal property, to-wit:   One plow harrow of the value of $7.50; three rolls of poultry netting four feet high of the value of $12.00; two hundred and eight pounds of barbed wire of the value of $6.25; three iron and wire gates of the value of $13.50; all the property of the said Goodwin & Son, without the consent and against the will of the said Goodwin & Son, and with the felonious intent then and there on the part of him, the said E. B. Stephenson, to deprive the said Goodwin & Son of the above described property and to appropriate the same to his own use and benefit."

The proof introduced on the part of the state tends to show that the plaintiff in error took certain rolls of wire from the store of the prosecuting witness Goodwin, carried them to his house, a short distance away, and put them in his yard. Later he moved to the country and used the wire in repairing the fences around the yard and lot adjoining his home. The original card showing from whence the wire came, cost mark, etc., were never removed. The wire was seen by numerous persons in the yard of plaintiff in error while he lived in the town of Stratford, and by others after he had moved to the country, a mile or two away, and after the same was placed for use on the farm. There is a total lack of evidence indicating any effort upon the part of the plaintiff in error to conceal the transaction in any manner. In fact he lived near the store of Goodwin & Son at Stratford, where the wire was seen by witnesses and kept openly in full view of any who might pass the premises.

Plaintiff in error in his defense stated that he purchased the wire from an employee of Goodwin & Son. He told the employee that he was going to need the wire, and was advised that he could purchase the same on account, that he loaded the same on his wagon, and carried it home, expecting to pay for it in the fall, and knew of no displeasure on the part of Goodwin & Son until his arrest. He proved by an overwhelming number of witnesses that he bore a good reputation as a law abiding citizen. He had been a school teacher in the neighborhood, and had never been accused of wrongdoing in any way, or at any time.

Upon a careful review of the record, we are of opinion that this judgment of conviction is without merit, and, in fact, is wholly unwarranted under the law and the facts.

The judgment is therefore reversed and the cause is remanded with directions to grant a new trial.

DOYLE, P. J., concurs; FURMAN, J., absent.